[Crim. No. 735.   Third Appellate District.—September 28, 1923.]

## In the Matter of the Application of CHARLES A. HALL for a Writ of Habeas Corpus.

[1] CONSTITUTIONAL LAW—PROCEEDINGS BEFORE JUSTICE OF THE PEACE —CONFINEMENT WITHOUT BAIL.—Where a person was held in jail, without any charge being preferred against him, for seven days before a justice of the peace issued a warrant for his arrest based on an affidavit that he threatened to kill another, and on the following day, when taken before the magistrate, controverted the charge against him and demanded an immediate hearing, and the justice of the peace, being then engaged in the trial of a case and having other cases which would occupy practically all of his time until the fifth day thereafter, denied said person's request for an immediate hearing, set the hearing for said fifth day, refused to admit him to bail, and committed him to the custody of the sheriff, and on the day set for hearing the justice of the peace, being again engaged in the trial of a case, continued the hearing for another three days without the consent of the accused, such proceedings, if upheld, would set at naught the constitutional provision that "all persons shall be bailable by sufficient sureties, unless for capital offenses when the proof is evident or the presumption great."

[2] ID.—IMMEDIATE HEARING—RIGHT OF ACCUSED.—Where a person informed against controverts the charge made against him and demands an immediate hearing, he is entitled to an immediate hearing instead of being thrown into jail, without bail, to await the convenience of the magistrate.

PROCEEDINGS on Habeas Corpus to secure the release from custody on bail.   Writ granted.

The facts are stated in the opinion of the court.

T. B. Scott for Petitioner.

William J. Brown, District Attorney, for Respondent.

FINCH, P. J.—Petitioner seeks his release from custody by *habeas corpus*.

August 31, 1923, he was arrested without a warrant and confined in the Turlock jail.   On the following day he was taken to the county jail, where he was held without any

charge being preferred against him until September 6th. On the afternoon of the latter date an affidavit was filed with a justice of the peace alleging that on the thirty-first day of August, 1923, petitioner had threatened to kill one Albert Mello, and praying that petitioner be required to give security to keep the peace. The justice of the peace thereupon issued a warrant for the arrest of the petitioner, who was taken before that officer on the afternoon of September 7th. Petitioner controverted the charge made against him and demanded an immediate hearing. The justice of the peace was then engaged in the trial of a case and had civil and criminal cases set for trial before the court which would occupy practically all of his time until 3 o'clock P. M., September 12th, for which time the justice of the peace set the hearing of the charge against petitioner, denied petitioner's request for an immediate hearing, refused to admit him to bail, and committed him to the custody of the sheriff. On September 12th at the hour set for the hearing, the justice's court was engaged in the trial of a civil action and, without the consent of petitioner, continued the hearing to September 15th.

[1] To uphold the proceedings set forth would be to set at naught the constitutional provision that "all persons shall be bailable by sufficient sureties, unless for capital offenses when the proof is evident or the presumption great." (Const., art. I, sec. 6.) If a justice of the peace has authority to commit an accused without bail, in such a case, for two weeks, pending a hearing, he has authority, under similar circumstances, so to commit him for two months, or longer. Section 704 of the Penal Code provides: "When the person informed against is brought before the magistrate, if the charge be controverted, the magistrate must take testimony in relation thereto." It is evident from a reading of the law providing for security to keep the peace that a summary proceeding is contemplated. [2] The person so charged is entitled to an immediate hearing instead of being thrown into jail, without bail, to await the convenience of the magistrate. It is not necessary to decide whether the magistrate may order the accused into custody during the progress of the hearing, for no such question is presented here. No sound reason has been advanced, however, for the release of the petitioner without his giving bail or to

hold that the magistrate has lost jurisdiction to hear the charge.

It is ordered that petitioner be released from custody pending the hearing before the magistrate, on giving bail in the sum of one thousand dollars, the bond to be approved by the magistrate before whom the charge is pending.

Hart, J., concurred.